IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**UNITED STATES OF AMERICA**,

v.

**JOHNL JACKSON**,

Defendant.

No. 3:19-cr-00458-MO-1

OPINION AND ORDER

**MOSMAN, J.,**

This matter is before me on Defendant Johnl Jackson's Motion for New Trial on Counts 1, 4, and 8 [ECF 404], and Motion for Judgment of Acquittal on Counts 1, 4, and 8 [ECF 405]. For the reasons discussed below, I DENY the motions.

## LEGAL STANDARD

### I. Rule 29 Motion for Judgment of Acquittal

Courts must "set aside the verdict and enter an acquittal" if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a), (c)(2). When considering a Rule 29 motion, "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (quoting *United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072–73 (9th Cir. 1995)).

### II. Rule 33 Motion for New Trial

A new trial may be granted on defendant's motion if "the interest of justice so requires." Fed. R. Crim. P. 33(a). The defendant has the burden of establishing why a new trial is required.

1 – OPINION AND ORDER

*United States v. Endicott*, 869 F.2d 452, 454 (9th Cir. 1989). Whether to "grant or deny a new trial is within the sound discretion of the district court." *United States v. Steel*, 759 F.2d 706, 713 (9th Cir. 1985).

## DISCUSSION

After a five-day trial in March 2022, a jury found Defendant guilty on nine separate counts related to his sex trafficking of Minor Victims 4 ("MV4") and 5 ("MV5"). Jury Verdict [ECF 400]. Defendant seeks a judgment of acquittal or, in the alternative, a new trial on counts 1, 4, and 8.[1]

Defendant moves for judgment of acquittal on counts 1, 4, and 8 on the basis that the government's theory of prosecution was insufficient. Mot. for J. of Acquittal [ECF 405] at 1. He argues that the government's theory of prosecution was legally and factually insufficient where "the element of coercion was established by virtue of the minor victims' ages and their distance from home." *Id*. Additionally, Defendant argues that the rape of MV5[2] by Carlos Canul is insufficient to constitute force for count 8 because Defendant could not know that Canul would rape MV5. *Id*.

Count 1 of the Second Superseding Indictment is conspiracy to engage in sex trafficking under 18 U.S.C. § 1594(c). Second Superseding Indictment [ECF 269] at 1. Counts 4 and 8 of the Second Superseding Indictment allege sex trafficking by force, fraud, and coercion under 18 U.S.C. § 1591(a)(1), (2), and (b)(1). *Id*. at 3, 5. Counts 4 and 8 only pertain to MV5 as the government did not allege that MV4 was trafficked by force, fraud, or coercion. Count 4

---

[1] Defendant also moved for a new trial on all counts. Mot. for New Trial [ECF 403]. I denied that motion at oral argument for the reasons stated on the record. Mins. of Proceeding [ECF 424].

[2] MV5 also appears as "S.F." throughout the briefing in this case.

2 – OPINION AND ORDER

concerns sex trafficking at the "Pole Barn" property and count 8 involves sex trafficking at the "Lombard House" when Canul raped MV5.

18 U.S.C. § 1591(a) reads as follows:

> Whoever knowingly (1) in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or (2) benefits financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),
>
> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person who has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

If a criminal defendant violates 18 U.S.C. § 1591(a) in a manner "effected by means of force, threats of force, fraud or coercion … or by any combination of such means" the statute provides for a mandatory minimum of 15 years. 18 U.S.C. § 1591(b)(1). If force, fraud, or coercion were not used but the individual trafficked was between the ages of 14 and 18, then the mandatory minimum is 10 years. 18 U.S.C. § 1591(b)(2).

The statute contains three definitions of coercion, one of which is at issue in this case—18 U.S.C. § 1591(e)(2)(B). The relevant definition of "coercion" is "any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person." *Id*. The statute goes on to define the term "serious harm" as:

> any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

18 U.S.C. § 1591(e)(5).

3 – OPINION AND ORDER

I address the two theories that led to Defendant's conviction on counts 4 and 8 under 18 U.S.C. § 1591(a)(1), (2), and (b)(1)—force and coercion—in turn below. I then address count 1, the conspiracy under 18 U.S.C. § 1594(c).

### I.     Force

As an initial matter, I find that the trial testimony from Defendant's co-defendant Diana Petrovic slapped MV5 at Defendant's direction when MV5 sat down at the Pole Barn when MV5 should have been talking to men who were soliciting sex is sufficient to constitute force for Count 4. Tr. [ECF 417] at 483:1–7 (Petrovic testifying that when MV5 told her she was tired and did not want to engage with the men, Defendant "told me to slap that bitch … [and] I did."); Tr. [ECF 416] at 205:18–206:13 (MV5 testifying that when she sat down at the Pole Barn because she was tired, "Diana had slapped me in my face.") At trial Defendant insinuated that Petrovic's testimony was not credible because she initially denied slapping MV5 when speaking with a detective. However, Petrovic explained that she her initial denial was out of shame. Tr. [ECF 417] at 518:1–7. I find Petrovic's explanation—and her account of the whole event—to be credible. Certainly, it was evidence on which a rational jury could rely.

Defendant argues that there was no evidence that he knew or was in reckless disregard of the fact that Canul would rape MV5, making MV5's testimony about being raped by Canul insufficient to support a conviction on count 8. Mot. for J. Acquittal [ECF 405] at 4–5. Specifically, Defendant argues that Petrovic and other minor victims had engaged in commercial sex acts in the Lombard House for nearly two years without being raped. *Id*.

I reject outright Defendant's contention that his and Petrovic's prior experience means that Defendant was not in reckless disregard of the fact that Canul might rape MV5. When Defendant sent a fifteen-year-old into a house of grown men to engage in commercial sex acts,

4 – OPINION AND ORDER

he did so with (at a minimum) reckless disregard that force may be used against the minor victim.

Additionally, testimony at trial showed that Defendant often had a firearm on his person. Tr. [ECF 416] at 196:19–21 (MV5 testifying that Defendant had a gun on him when he picked her up from Eugene); *Id*. at 224:12–13 (MV5 testifying that Defendant "carried a gun on him at all times."); Tr. [ECF 417] at 489:2–6 (Petrovic testifying that Defendant "he would always have, like, a gun with him. So he was just constantly, like, readjusting it all the time. But definitely during that time he had it, on his waistband where you could see it."); Tr. [ECF 416] at 329:4–330:25 (testimony that a man fitting Defendant's description had a gun at the Pole Barn and was showing it to people).

I find that the testimony about Defendant's possession of a gun throughout the events involved during this trial, when viewed through the lens of a "reasonable person of the same background and in the same circumstances" as the child-victims in this case, also support a conviction on the theory of force when taken in conjunction with the slap at the Pole Barn and the rape of MV5 at the hands of Canul.

Here, the evidence is sufficient to sustain a conviction of Defendant on the theory of force under Fed. R. Crim. P. 29. I also find that the interest of justice does not require a new trial under Fed. R. Crim. P. 33(a). Accordingly, I DENY Defendant's motions as to counts 4 and 8 under the force theory.

## II. Coercion

Defendant next contends that the government's theory of coercion is invalid because the government alleged that two factors converged to create coercion— "the victims' ages (14 and 15) and their distance from home (100 miles)." Mot. for J. of Acquittal [ECF 405] at 2.

Specifically, that the victims' age and distance from home does not constitute a serious harm and while "isolation from caregivers conceivably could facilitate a scheme to force a victim into prostitution … there was no evidence of such a scheme or that separation from home in fact caused either minor to engage in a commercial sex act." *Id*. at 4. Defendant also attempts to bifurcate out different theories of coercion—for example by referencing a "slap" theory of coercion. *Id*. at 4.

Defendant's argument appears similar to portions of *United States v. Smith*, 719 F.3d 1120 (9th Cir. 2013) though Defendant does not cite *Smith* in his briefing. *Smith* is an appeal from a sentencing where a defendant had been convicted of sex trafficking children by force, fraud, or coercion under 18 U.S.C. § 1591(a) and (b)(1). *Id*. at 1122–23. The Ninth Circuit found that the defendant had taken steps to make the minor victim dependent on him: "knowing she was homeless and lacking family support or financial resources, he invited her to move in with him, gave her a job, and began a sexual relationship with her." *Id*. at 1125. The opinion goes on to state that "[t]hese predatory acts compromised the voluntariness of [the minor victim's] ability to resist Smith's demands that she work as a prostitute for him," but, they did not amount to coercion under § 1591. *Id*.

In *Smith*, the Ninth Circuit examined the definition of coercion in a different procedural context than in the instant case—namely, a district court judge's interpretation of sentencing guidelines. The defendant in *Smith* argued that the district court impermissibly double-counted when it assigned him a two-level sentencing increase for undue influence. *Id*. at 1123. The defendant reasoned that because he was convicted of using force, fraud, or coercion in the underlying offense he would have necessarily exerted undue influence. *Id*. The Ninth Circuit rejected defendant's argument because "having an 'undue influence' on a victim under [the

sentencing guidelines] may involve acts that do not constitute 'force, fraud, or coercion.'" *Id*. at 1125.

It was in this context—delineating between what constituted "undue influence" and "coercion" for purposes of interpreting sentencing guidelines—that the Ninth Circuit stated that certain acts were not necessarily coercion. The Ninth Circuit did not create a test for what constitutes coercion under § 1591. Neither was the panel identifying acts that could never constitute coercion.

In response to Defendant's motion, the government argues that the totality of the circumstances presented at trial—not just the minor victims' age and distance from home—demonstrate that Defendant used coercion to engage the minor victims in sex trafficking. Resp. in Opp'n [ECF 408] at 6. The government contends that in addition to the victims' age and distance from home, the jury also heard evidence that Defendant provided the minor victims with cocaine, MDMA, alcohol, a place to sleep, and money for clothing all while moving MV5 to various locations between Oregon and Washington for her to engage in commercial sex acts. *Id*. at 4–5. The government argues that all of these facts, in addition to the physical punishment meted out by Petrovic at Defendant's direction and Defendant's possession of a gun, would lead MV5 to believe that if she did not perform commercial sex acts, she would be seriously harmed through more physical abuse or abandonment. *Id*. at 6.[3]

I agree with the government. As an initial matter, I do not read the *Smith* case as identifying activities that are categorically never "coercive." *Smith* does not foreclose a district

---

[3] Defendant has argued that the government's actual presentation at trial, particularly in its opening statement and closing arguments, channeled the jury's view of the evidence to focus almost exclusively on the factors disfavored in *Smith*. Upon a careful review of the record, I find the government appropriately presented a case based on the totality of the circumstances.

7 – OPINION AND ORDER

court from examining on a motion for judgment of acquittal or motion for new trial the totality of circumstances that the government presented to the jury as evidence of coercion.

The jury in this case had to assess whether "a reasonable person of the same background and in the same circumstances" was embroiled in a coercive scheme that was "intended to cause [her] to believe that failure to perform an act that would result in serious harm." 18 U.S.C. § 1591(e)(2), (5). The definition of serious harm is "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, *under all the surrounding circumstances,* to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm." *Id*. § 1591(e)(5) (emphasis added). This definition explicitly provides for a totality of the circumstances test.

Here, I find that looking at (1) the totality of the circumstances and (2) at a reasonable person of the same background and in the same circumstances as MV5, the jury could find that Defendant acted coercively under 18 U.S.C. § 1591(a)(1), (2), and (b)(1). The evidence is sufficient to sustain a conviction of Defendant on the coercion under Fed. R. Crim. P. 29. I also find that the interest of justice does not require a new trial under Fed. R. Crim. P. 33(a).

### III.    Conspiracy

18 U.S.C. § 1594(c) provides for a criminal conspiracy charge for those who "conspire with another" to violate § 1591. For the jury to convict Defendant under count 1, it had to find "an agreement between two or more persons to engage in the sex trafficking of at least one person." Jury Inst. [ECF 395] at 27.

As the government points out in its response to Defendant's motion, Defendant does not challenge the convictions for trafficking a minor, MV4, under counts 2, 3, and 7. Resp. in Opp'n

[ECF 408] at 3. Further, Defendant does not contend in his motion that there is insufficient evidence that he worked together with his co-defendant, Petrovic, to engage in the sex trafficking of at least one person. *See generally* Mot. for J. Acquittal [ECF 405].

Trial testimony supports the conviction for count 1. Petrovic testified that she and the Defendant "already had in mind" that they would make money by sex trafficking the girls, MV4 and MV5, that they picked up in Eugene. Tr. [ECF 417] at 467:21. Petrovic further stated that even though Petrovic and the Defendant were not expecting MV5 when they picked up MV4 in Eugene, they were amenable to MV5 joining them because "it was an opportunity for Johnl and I to make more money." *Id*. at 467:13–14.

The evidence demonstrates that there was an agreement between Petrovic and Defendant and is sufficient to support Defendant's conviction on count 1; the interests of justice do not require a new trial. Accordingly, I DENY Defendant's motions on count 1.

## CONCLUSION

For the above reasons, I DENY Jackson's Motion for New Trial [ECF 404] and Motion for Judgment of Acquittal [ECF 405].

IT IS SO ORDERED.

DATED this  13  day of July, 2022.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Senior United States District Judge

9 – OPINION AND ORDER